UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MIKE RAMOS, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| VS. | )  Civil Action No: SA-10-CA-974-XR |
| | ) |
| RICK THALER, | ) |
| | ) |
|    Respondent. | ) |

**ORDER**

On this date, the Court considered the United States Magistrate Judge's Report and Recommendation ("R&R") concerning Petitioner Mike Ramos's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (docket no. 25) and Petitioner's objections thereto (docket no. 30). After careful consideration, the Court ACCEPTS the R&R and accordingly DENIES the petition for a writ of habeas corpus.

**Background**

Ramos is currently serving a forty-year sentence in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division after pleading nolo contendere as part of a plea agreement to an aggravated sexual assault charge on September 24, 2008. His direct appeal was dismissed by the Fourth Court of Appeals on January 21, 2009. Ramos did not file a petition for discretionary review with the Texas Court of Criminal Appeals. He filed a state application for a writ of habeas corpus on October 21, 2009. In that application, Ramos alleged that his plea was involuntary. He claimed that on the day of his plea he had not been given medication related to a recent stroke, that he had trouble hearing, and that his court-appointed translator was absent for the

bulk of the plea hearing.

The state habeas court denied his application on July 28, 2010. The state habeas court (the same court that conducted Ramos's plea hearing) specifically determined that: (1) an interpreter was used during Ramos's plea; (2) based on observations of Ramos during the plea hearing, an interpreter was not truly necessary because he appeared to fully understand English; (3) the attorney who represented Ramos during the plea hearing submitted an affidavit stating that Ramos did not indicate that he did not understand the plea agreement; and (4) neither Ramos's medication nor his hearing problem affected his ability to understand the plea proceedings or agreement. Ramos filed a petition for habeas corpus with this Court on November 30, 2010, in which he alleged again that his plea agreement was involuntary.

## Magistrate's Report & Recommendation

The Magistrate Judge ("MJ") correctly set forth the law governing voluntary pleas. "A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998). "An adequate understanding of the English language is a threshold requirement for a voluntary plea." *United States v. Perez*, 918 F.2d 488, 490 (5th Cir. 1990). The MJ then recommended that the Court deny Ramos's petition because Ramos had not submitted the clear and convincing evidence necessary to rebut the presumption that the state habeas court's finding that Ramos sufficiently understood the plea proceeding and plea agreement was correct. *See* R&R at 5 (citing 28 U.S.C. § 2254(e)(1)). Ramos timely filed an objection to the R&R, arguing that the MJ should have rejected the state habeas court's findings of fact and conclusions of law because they were unsupported by the state court record and were not entitled to deference.

**Standard of Review and Applicable Law**

Where, as here, the Magistrate Judge's Report and Recommendation is objected to, the Court reviews the R&R de novo. 28 U.S.C. § 636(b)(1)(C). Such a review means that the Court will examine the entire record and will make an independent assessment of the law. Any portions of the R&R not objected to will be reviewed by the Court only for clear error. *Id.*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

A petition for a writ of habeas corpus is reviewed under the standards set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pub L. No. 104-132, 110 Stat. 1214 (1996). Pursuant to 28 U.S.C. § 2254(d), as amended by AEDPA, a petitioner may not obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Pursuant to 28 U.S.C. 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and that presumption can only be rebutted by "clear and convincing evidence." The relationship between § 2254(d)(2) and § 2254(e)(1) remains an open question in the Supreme Court. *See Wood v. Allen*, 130 S. Ct. 841, 851 (2010). In a case before *Wood*, the Fifth Circuit stated that, "[w]hereas § 2254(d)(2) sets out a general standard by which the district court evaluates a state court's specific finding[] of fact, § 2254(e)(1) states what an applicant will have to show for the district court to reject a state court's determination of factual issues." *Valdez v.*

*Cockrell*, 274 F.3d 941, 951 n.17 (5th Cir. 2001). Here, the state habeas court determined that Ramos had a sufficient understanding of English to have voluntarily entered into the plea agreement. The Court need not determine whether that finding was a "specific finding" or a "determination of [a] factual issue[]" because Ramos has neither demonstrated that it was unreasonable nor that it was incorrect.

## Analysis

In support of his petition, Ramos submitted: (1) a letter he received from Lawrence J. Souza, who represented Ramos during the plea hearing, which included a banner across the stop stating: "YOU HAVE TOLD ME THAT YOU ARE ILLITERATE. PLEASE HAVE THIS READ TO YOU BY A THIRD PARTY"; (2) the plea hearing transcript; (3) the trial court's order appointing an interpreter; (4) a signed statement by Souza describing the plea hearing; (5) a complaint in an unrelated case filed by Ramos alleging false imprisonment; (6) court records from another unrelated case where Ramos was represented by a Spanish-speaking attorney; and (7) an affidavit from Ramos's sister Lorraine Ramos describing a conversation she had with the interpreter present during the plea hearing. These submissions do not show that the state habeas court's findings of fact were unreasonable, nor do they constitute clear and convincing proof that the state court's findings were not correct.

First, the letter from Souza at most shows that Ramos told Souza that he could not read English. It does not show that Ramos could not speak or understand English when spoken to. Second, the plea hearing transcript indicates that an interpreter was present while Ramos was advised of the charges and penalties, waived his rights, stated that he understood that the plea agreement called for a forty-year sentence, pleaded nolo contendere to the aggravated assault charge, denied

being forced to plea or receiving anything in exchange for the plea, was found guilty, and was sentenced by the court. Ramos was only unassisted by an interpreter at the end of the proceeding when the court was reminded that Ramos had to admit to the enhancement paragraphs. Ramos assured the court that he understood what he was admitting to, and that it was true. Third, the order appointing an interpreter does not disprove the state habeas court's finding that—based on that court's experience with Ramos—he understands enough English to enter a voluntary plea of nolo contendere. Fourth, Souza's statement says that Ramos does not speak English very well, but it also says that after the interpreter left the room Ramos was able to answer the Judge's questions. More to the point, Souza's statement does not indicate that Ramos could not understand English well enough to complete the plea proceeding. Fifth, Ramos's unrelated false imprisonment complaint—which he claims to have been prepared by another inmate—does not shed any light on whether Ramos voluntarily entered his plea. Sixth, that Ramos was represented by a Spanish-speaking attorney in a previous case does not disprove that he had a sufficient understanding of English to enter a voluntary plea in this case. And seventh, the affidavit from Ramos's sister—which states that the interpreter thought she was present throughout the plea proceeding—confirms that Ramos had the assistance of an interpreter through the bulk of the proceeding. Moreover, the interpreter's memory is consistent with the plea transcript, which indicates that both the interpreter and Ramos were dismissed by the trial court and Ramos was called back for the limited purpose of admitting to the enhancement paragraphs. Accordingly, Ramos has not shown that the state habeas court's findings of fact were unreasonable or incorrect.

## Conclusion

For the foregoing reasons, the Court finds that Ramos's objection lacks merit. Additionally,

this Court's review of the non-objected-to portions of the R&R reveals no clear error. Accordingly, this Court DENIES Petitioner Ramos's petition for a writ of habeas corpus.

It is so ORDERED.

SIGNED this 3rd day of February, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE